# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA

ANNE BENNET MORRISON DIETZ : CIVIL ACTION NO. 6:07CV1398

VERSUS : MAGISTRATE JUDGE HILL

JOHN FORD DIETZ : BY CONSENT OF THE PARTIES

## REASONS FOR RULING

Before the court is the determination as to the amount of reasonable attorney fees and costs and expenses to which plaintiff, Anne Bennet Morrison Dietz, is entitled pursuant to this court's September 17, 2008 Judgment.[1] Plaintiff's counsel has filed an Affidavit of Fees and an Affidavit of Travel Costs, as well as a memorandum addressing the factors set forth in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717-19 (5th Cir. 1974). [rec. docs. 103, 104 and 115]. Defendant, John Ford Dietz, has filed Objections, limited to 4.95 hours of plaintiff's requested 105.35 hours of total billable time. [rec. doc. 105]. In light of these objections, plaintiff has filed a Reply in which she agrees to reduce the total requested billable time to an even 100 hours. [rec. doc. 117].

The plaintiff has previously filed a Bill of Costs, as well as a Memorandum in Support of the Bill of Costs. [rec. docs. 108 and 109]. By Order dated December 17, 2008, the Clerk taxed Costs against the defendant. [rec. doc. 113]. No timely Motion for Review has been filed.

---

[1] This award was rendered pursuant to 42 U.S.C. § 11607(b)(3), which provides that in civil cases filed pursuant to the Intentional Child Abduction Remedies Act, when the court orders the return of a child, the court shall order the removing parent "to pay the necessary expenses incurred by or on behalf of the petitioner, including court costs, legal fees, . . . and transportation costs related to the return of the child. . . . ." 42 U.S.C. § 11607(b)(3).

**GUIDELINES FOR ATTORNEYS' FEES CALCULATION**

In the Fifth Circuit, the "lodestar" method is used to calculate reasonable attorneys' fees. *See In re Fender,* 12 F.3d 480, 487 (5th Cir.1994), *cert. denied,* 511 U.S. 1143, 114 S.Ct. 2165, 128 L.Ed.2d 888 (1994). In *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717-19 (5th Cir. 1974), the Fifth Circuit identified twelve factors to be considered in determining an award of reasonable fees. Although *Johnson* was a civil rights case, the *Johnson* factors have been employed "whenever the award of reasonable attorneys' fees is authorized by statute." *Dunkin Donuts Inc. v. Mercantile Ventures Inc.,* 1994 WL 720236, *3 (W.D.Tex. 1994).

Under the "lodestar" analysis, the determination of reasonable attorney's fees involves a two-step procedure. *Louisiana Power & Light Company v. Kellstrom,* 50 F.3d 319, 324 (5th Cir. 1995) *citing Hensley,* 461 U.S. at 433, 103 S.Ct. at 1939. Initially, the district court must determine the reasonable number of hours expended on the litigation and the reasonable hourly rates for the participating lawyers. *Id*. Then, the district court must multiply the reasonable hours by the reasonable hourly rates. *Id*. The product of this multiplication is the lodestar, which the district court then either accepts or adjusts upward or downward, depending on the circumstances of the case, assessing the dozen factors set forth in *Johnson v. Georgia Highway Express, Inc*. *Wegner v. Standard Insurance Company,* 129 F.3d 814, 822 (5th Cir. 1997).

The twelve *Johnson* factors include: (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the

preclusion of other employment by the attorneys due to this case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of counsel; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson,* 488 F.2d at 717-19. Many of the *Johnson* factors are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate, and should not be double counted. *Jason D.W. by Douglas W. v. Houston Independent*, 158 F.3d 205, 209 (5th Cir. 1998). Additionally, the Supreme Court has limited greatly the use of the second, third, eighth, and ninth factors for enhancement purposes, and accordingly, the Fifth Circuit has held that "[e]nhancements based upon these factors are only appropriate in rare cases supported by specific evidence in the record and detailed findings by the courts." *Walker v. U. S. Department of Housing and Urban Development,* 99 F.3d 761, 771-72 (5th Cir. 1996) *citing Alberti v. Klevenhagen,* 896 F.2d 927, 936 (5th Cir.), *modified on other grounds*, 903 F.2d 352 (5th Cir. 1990) and *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air,* 478 U.S. 546, 565, 106 S.Ct. 3088, 3098, 92 L.Ed.2d 439 (1986).

The fee applicant bears the burden of proving the reasonableness of the number of hours expended on their prevailing claim. *Leroy v. City of Houston,* 906 F.2d 1068, 1079 (5th Cir. 1990). Applicants do not have the right to bill for time on issues on which they do not prevail. *Walker*, 99 F.3d at 769. The party seeking attorney's fees must present adequately documented time records to the court. *Watkins v. Fordice,* 7 F.3d 453, 457 (5th Cir. 1993). Using this time

3

as a benchmark, the court should exclude all time that is excessive, duplicative, or inadequately documented. *Id*. *citing Hensley,* 461 U.S. at 432-34, 103 S.Ct. at 1939. Moreover, hours which result from the case being "overstaffed" or are "excessive, redundant or otherwise unnecessary", even though actually expended, are not hours reasonably expended and are to be excluded from the calculation. *Leroy*, 906 F.2d at 1079 *citing Hensley,* 103 S.Ct. at 1939-40 and *Flowers v. Wiley*, 675 F.2d 704, 705 (5th Cir. 1982) ("there should have been no compensation for hours spent in duplicative activity...."). The time of two or three attorneys in a courtroom or conference when one would do may be discounted. *Johnson*, 488 F.2d at 717. Finally, the court may reduce the fee award where a party fails to meet his evidentiary burden. *Hensley*, 461 U.S. at 433; *Von Clark*, 916 F.2d at 259; *Leroy*, 831 F.2d at 585-86 (reducing the lodestar for inadequate documentation).

## ANALYSIS

Plaintiff seeks $22,500.00 for legal services performed by Charles Glasscock Fitzgerald, Elizabeth A. Macmurdo and Dean Doherty of Cox, Fitzgerald, LLC, costs and expenses associated with that representation in the total amount of $1,712.33 and travel costs in the total amount of $13,606.46. In support of plaintiff's request, counsel submitted the affidavits of Charles Glasscock Fitzgerald and Anne Bennet Morrison Dietz.

REASONABLE HOURS EXPENDED

The defendant, John Ford Dietz, does not contest the reasonableness of the remaining requested 100.4 hours claimed by attorneys for Cox Fitzgerald, LLC ("Cox") for legal services performed. Moreover, review of the detailed table of billing records submitted by Cox leads

4

the undersigned to conclude that the requested hours for the work performed are not excessive or duplicative, and are reasonable. Taking into account plaintiff's concession as to the 4.95 hours to which the defendant objected, Charles Glasscock Fitzgerald, a named partner in his firm, billed 77.5 hours, Elizabeth A. Macmurdo and Dean Doherty, associates with the firm, billed 20.4 hours and 2.5 hours, respectively. Accordingly, the claimed 100.4 hours for these services will be awarded.

HOURLY RATE CLAIMED

Next, reasonable hourly rates for the Cox attorneys must be determined. Attorneys' fees are to be calculated at the "prevailing market rates in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 895, 104 S.Ct. 1541, 1547 (1984). A reasonable rate is the market rate. *Conner v. Mid South Insurance Agency, Inc.,* 943 F.Supp. 663, 667 (W.D. La 1996). The "relevant community" for the purpose of awarding attorney fees is the judicial district in which the litigation occurred. *Jordan v. Allain*, 619 F.Supp. 98, 113 (N.D. Miss. 1985); *Eli Lilly*, 264 F.Supp.2d at 763-764 (collecting cases supporting the use of rates in the community where the forum court is located).

All three attorneys, Mr. Fitzgerald, Ms. Macmurdo and Mr. Doherty have submitted the same billing rate, $225.00 per hour. None of these attorneys has submitted evidence of their qualifications or experience, and in particular, any evidence of their experience in Hague Convention proceedings. However, the undersigned is aware that Mr. Fitzgerald is partner in the firm with years of experience in domestic law, and that both Ms. Macmurdo and Mr.

5

Doherty are associates with the firm, with far less experience than that of Mr. Fitzgerald.

Plaintiff has also failed to submit any evidence of the rates charged by domestic attorneys in the Lafayette legal community. However, in the undersigned's experience, these rates are in the range of $125.00 to $175.00 per hour depending on experience. The undersigned has found no jurisprudence delineating reasonable hourly rates for attorneys practicing in the Western District of Louisiana involved in International Child Abduction Remedies Act cases.[2] The undersigned recognizes, however, that litigation under the International Child Abduction Remedies Act is rare and as such may command a higher rate than that applicable to typical domestic cases. Examination of case law from other jurisdictions indicates a range of $125.00 to $175.00 is reasonable.[3]

Based on the undersigned's general knowledge of the qualifications and experience of the Cox attorneys and the customary rates of domestic lawyers in this district, the fact that litigation under the International Child Abduction Remedies Act may command a higher rate, and the rates awarded by the courts in other districts in Hague Convention proceedings, the undersigned finds the reasonable hourly rates as follows: Charles Glasscock Fitzgerald -

---

[2]The Fifth Circuit has approved hourly rates of $175.00 for partners and $135.00 for associates in an antitrust suit litigated in the United States District Court for the Western District of Louisiana. *Strong v. BellSouth Communications,* 137 F.3d 844, 850 (5th Cir. 1998). In *Conner,* 943 F.Supp. at 663, Judge Little approved hourly rates of $140.00 and $120.00 for attorneys and $40 per hour for paralegals in an ERISA action. This Court also determined that $150.00 per hour was a reasonable fee for partners and $100.00 per hour was a reasonable fee for associates in a shareholder's derivative action. *Vidrine v. American Securities Bancshares of Ville Platte, Inc.*, No. 98-1939 (W.D. La. Nov. 8, 2001).

[3]*See Wasiniewski v. Grzelak-Johannsen* 549 F.Supp.2d 965 (N.D. Ohio 2008) (awarding $175.00 for lead counsel and $130.00 to $150.00 for other attorneys); *Frier v. Frier*, 985 F.Supp. 710 (E.D. Mich 1997) (awarding $150.00 per hour); *Aldinger v. Segler*, 338 F.Supp.2d 296 (D. Puerto Rico 2004), aff'd 157 Fed.Appx. 317(1st Cir. 2005) (cutting the requested award by 50% noting that a rate of $250.00 per hour was "high"); *Berendsen v. Nichols*, 938 F.Supp. 737 (D. Kan 1996) (awarding $125.00 per hour).

$200.00, Elizabeth A. Macmurdo and Dean Doherty - $150.00.

Lodestar Summary

In light of the above, the fees are calculated as follows: for Mr. Fitzgerald 77.5 hours at his reasonable hourly rate of $200.00 ($15,500.00); for Ms. Macmurdo 20.4 hours at her reasonable hourly rate of $150.00 ($3,060.00); and for Mr. Doherty 2.5 hours at his reasonable hourly rate of $150.00 ($375.00), for a total of $18,935.00.

*JOHNSON* ANALYSIS

Plaintiff has argued each of the twelve *Johnson* factors, but does not seek enhancement of the lodestar amount.

A listing of the factors and analysis of each factor as it applies in this case follows. (1) Time and labor involved: The lodestar adequately compensates time and labor involved; (2) Novelty and difficulty of the questions: Although this case involved issues under the Hague Convention and International Child Abduction Remedies Act, neither the facts, nor the underlying legal theories involved in this case, were novel or overly difficult, despite the fact that these types of cases are rare; (3) The skill required to perform the legal services properly: The hourly rate adequately compensates counsel for the level of skill required to handle this matter competently; (4) Preclusion of other employment: There is no evidence to establish that the handling of this case precluded handling of other cases by plaintiff's counsel; (5) Customary fee: In accordance with the above analysis, the hourly rates awarded herein fall within the applicable range; (6) Fixed or contingent fee: Review of the documentation

submitted reveals that fees incurred in connection with this case were billed on an hourly basis; thus, this factor does not justify adjustment;[4] (7) Time limitations: Despite the expedited nature of this case, the undersigned concludes that no extraordinary time limitations or onerous circumstances justifying an upward adjustment were present or imposed[5]; (8) The time involved and the results obtained: This case was tried within approximately one year of its filing; thus, the lodestar adequately compensates for this factor. Additionally, although Judgment was rendered in plaintiff's favor, the Supreme Court has greatly limited the use of this factor. *Walker,* 99 F.3d at 771; (9) The experience, reputation and ability of counsel: The Cox counsel involved in this litigation enjoy the reputation of providing competent representation; the lodestar, however, adequately compensates for this factor; (10) The undesirability of the case: Although Hague Convention proceedings necessarily involve undesirable situations this factor is adequately compensated by the lodestar; (11) The nature and length of the professional relationship with the client: Cox admits that its relationship with Anne Bennet Morrison Dietz was of a short duration, accordingly the lodestar adequately compensates for this factor; (12) Awards in similar cases: There are relatively few cases in which an award of attorneys fees has been rendered, and in those cases, the awards vary

---

[4] In *Walker,* 99 F.3d at 772, the Fifth Circuit noted that the Supreme Court has barred any use of the sixth factor. *Id. citing City of Burlington v. Dague,* 505 U.S. 557, 567, 112 S.Ct. 2638, 2643, 120 L.Ed.2d 449 (1992) and *Shipes v. Trinity Indus.,* 987 F.2d 311, 320 (5th Cir.), *cert. denied*, 510 U.S. 991, 114 S.Ct. 548, 126 L.Ed.2d 450 (1993).

[5] The seventh factor is subsumed in the number of hours reasonably expended. *Walker,* 99 F.3d at 772.

greatly.[6] The most recent case found by the court awarded $114,958.25 in attorney's fees. *Wasniewski v. Grzelak-Johannsen*, 549 F.Supp.2d 965, 980 (N.D.Ohio 2008). The award of fees sought herein does not exceed that amount.

The lodestar is presumptively reasonable and should be modified only in exceptional cases. *City of Burlington v. Dague,* 505 U.S. 557, 112 S.Ct 2638, 2641, 120 L.Ed.2d 449 (1992). This is not such a case; the lodestar requires no adjustment.

COSTS AND EXPENSES

Plaintiff also seeks reimbursement of costs and expenses incurred by counsel associated in the total amount of $1,712.33. These costs and expenses include filing fees, long distance telephone charges, charges for regular and express postage, court reporter fees for transcripts (March 12, 2008 dispositive motion hearing and June 19, 2008 RMR CRR transcript), and a court reporter fee for a deposition copy. [rec. doc. 103]. There been no objection by the defendant to these costs or expenses. Further, there is no indication that these costs and expenses were not necessary to the proper resolution of the issues presented in this litigation. Accordingly, these costs and expenses shall be awarded in full. *See also* 28 U.S.C § 1920.

Plaintiff additionally seeks travel costs and expenses in the total amount of $13, 606.46. These costs and expenses include airfare, bus fare, accommodations, meals and "emergency

---

[6]*See Frier v. Frier*, 985 F.Supp. 710 (E.D. Mich 1997) (awarding $12,112.50 for 80.75 hours at $150.00 per hour); *Atunez-Fernandez v. Connors-Fernandez*, 259 F.Supp.2d 800 (awarding $7,531.50 for legal services on case accepted by attorney on *pro bono* basis); *Aldinger v. Segler*, 338 F.Supp.2d 296 (D. Puerto Rico 2004), aff'd 157 Fed.Appx. 317(1st Cir. 2005) (cutting the requested award by 50% from $29,475.00 to $14,737.50); *Berendsen v. Nichols*, 938 F.Supp. 737 (D. Kan 1996) (awarding $4,462.50 for 42 hours at a rate of $125.00 per hour); *Rydder v. Rydder*, 49 F.3d 369 (8th Cir. 1995) (reducing the award from $18,487.42 to $10,000.00 due to equitable financial considerations, "Mrs. Rydder's straitened financial circumstances").

9

clothing"expenses incurred in August 2007 (referred to as "trip 1); airfare, accommodations, and meals incurred in December 2007 an April 2008 apparently in connection with depositions (referred to as "trip 2"); airfare, accommodations and meals incurred in connection with the June 2007 trial (referred to as "trip 3"); and airfare, accommodations and airport shuttle service incurred during the October 2007 exchange of the children (referred to as "trip 4"). Plaintiff also seeks "Hague" expenses which include Federal Express delivery charges, costs for translation services and transcription service charges for depositions and the trial transcript. [rec. doc. 104].

The defendants objects to plaintiff's request for a copy of the trial transcript, and items set forth in "trip 1" and "trip 2" because they were incurred in connection with plaintiff's having taken the children to Mexico in violation of this court's order and prior to resolution of the issues presented on the merits. [rec. doc. 105].

The Clerk of this court previously taxed costs for the trial transcript and deposition transcripts ($2, 303.75 and $1,559.00). [rec. doc. 113]. The undersigned will not disturb this award. The costs of deposition transcripts are recoverable on the expectation that the depositions were reasonably taken for use in the proceeding. *See Mota v. University of Texas*, 261 F.3d 512, 529 (5th Cir. 2001); *Crawford v. U.S. Dept. of Homeland Sec.*, 245 Fed.Appx. 369, 383 (5th Cir. 2007) *citing* 28 U.S.C. § 1920(2) (allowing costs for "the stenographic transcript necessarily obtained for use in the case."). Several courts, including the Fifth Circuit, have held that expenses of discovery depositions shown to be reasonably necessary to

the case are recoverable, even if these depositions are not introduced as evidence at trial. *Stearns Airport Equipment Co., Inc. v. FMC Corp.*, 170 F.3d 518, 536 (5th Cir. 1999); *State of Ill. v. Sangamo Const. Co.*, 657 F.2d 855, 867 (7th Cir. 1981). Likewise, fees for transcript copies obtained for use in the case are permitted pursuant to 28 U.S.C. §1920(2).

The Clerk of this court has also taxed costs for those items referred to as "trip 3" ($711.43 airfare, $656.35 accommodations[7]) and "trip 4" ($1,444.30 airfare, $166.88 accommodations). [rec. doc, 113]. The undersigned will not disturb this award as it is clear these costs and expenses are "travel costs related to the return of the children." 42 U.S.C. § 11607(b)(3). *See also Antunez*, 259 F.Supp.2d at 816-817 (awarding travel expenses for airfare and hotel); *Wasniewski,* 549 F.Supp.2d at 980 (awarding arefare and hotel expenses). To those sums previously awarded, however, the undersigned adds $91.00 for van service to and from the airport in Mexico in connection with the October 2008 exchange of the children ("trip 4").

The Clerk previously disallowed those items referred to as "trip 1" and "trip 2". The undersigned finds no error in the Clerk's assessment with respect to "trip 1", with the following modification. The court will award airfare in the amount of $665.74 and accommodations in the amount of $1,090.12 as those expenses were "travel costs related to the return of the children" incurred prior to the time plaintiff took the children out of this state in violation of this court's orders. The remaining costs and expenses associated with "trip 1" are not recoverable as they appear to be related to plaintiff's having taken the children to Mexico in violation of this court's orders.

---

[7]This amount represents hotel charges and meal expenses.

However, with respect to those items listed in "trip 2", with the exception of the requested airfare between Houston and San Francisco in December 2007 which is related to the plaintiff's having taken the children out of this state in violation of this court's orders, the remaining travel costs itemized in "trip 2" (April 2007 airfare totaling $711.50, $655.60 for accommodations and $100.00 for meals) appear to be sufficiently related to the "return of the children" to be compensable under the Act. These expenses appear to be related to discovery depositions which were necessary to secure the return of the children. Accordingly, these amounts, totaling $1,467.10, will be awarded.

The remainder of plaintiff's requested "Hague" action expenses shall be awarded as "necessary expenses" incurred by plaintiff. Given the urgency of in the matters presented to this court, plaintiff's use of an expedited courier service rather than ordinary postage was both necessary and reasonable. Thus, charges in the amounts are awarded: $40.63, $29.27 and $28.10). Likewise, fees for translation of plaintiff's Mexican divorce decree and other documents in the total amount of $450.00 shall be awarded. *See Antunez*, 259 F.Supp.2s at 816-817 (awarding "translation costs"). Indeed, these translated documents were admitted into evidence at trial. [rec. doc. 85].

In accordance with the above analysis, the undersigned awards a total of $12,416.00 in costs and expenses.

CONCLUSION

For the reasons assigned hereinabove, the sum of $18,935.00 in attorney's fees for the services of Cox, Fitzgerald, LLC, and $12,416.00 in costs and expenses shall be awarded to plaintiff, Anne Benett Morrison Dietz.

Signed this 2nd day of June, 2009 at Lafayette, Louisiana.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE